LEROY STEBBINS *vs.* ONIAS HALL.

Submitted on briefs April 4, 1893.   Decided April 27, 1893.

Judgment affirmed.

Appeal by defendant, Onias Hall, from a judgment of the District Court of Dodge County, *Thomas S. Buckham, J.,* entered December 7, 1892, against him for $127.15.

The plaintiff, Leroy Stebbins, commenced this action in a Justice's Court to recover a balance of $90.23 and interest, for threshing the grain of defendant. For answer, defendant alleged that the entire threshing bill was $168.29, that he made payments thereon, and on December 15, 1891, he had a settlement with plaintiff and there was found due plaintiff only $38.29. For counterclaim he alleged that he afterwards kept and cared for eight cows for plaintiff which was worth $31, and he offered judgment for the balance $7.29. Plaintiff on the trial in the Justice's Court, was a witness to prove his claim for threshing. On his cross-examination he was asked questions tending to prove the counterclaim. This evidence was objected to as not proper cross-examination and was excluded. Defendant excepted, gave no evidence on his part, and rested. The plaintiff

had judgment April 21, 1892, for $98.09.    Defendant appealed to the District Court on questions of law alone, where the judgment was affirmed, with costs.    The defendant then appealed to this court.

*S. T. Littleton,* for appellant.

*Wheelock & Sperry,* for respondent.

MITCHELL, J.    The original account of plaintiff against defendant amounted, according to the evidence, to $170.23, and according to defendant's answer to $168.29,—a difference of less than $2.

The only defenses attempted to be set up in defendant's answer were—*First,* that the parties had an accounting and settlement in December, 1891, in which they agreed on the balance due plaintiff; *second,* that subsequently to such settlement the plaintiff became indebted to defendant in certain sums for caring for and feeding some cows.

How the evidence offered by defendant and ruled out by the justice, that plaintiff had bought of defendant some cattle, the purchase price of which was to be credited on account, could have tended to prove the allegations of the answer, it is rather difficult to understand.    Certainly, without some explanation to the court, the materiality of the evidence (if it had any) would not be apparent, and its exclusion under the circumstances constitutes no error.

Judgment affirmed.

VANDERBURGH, J., absent, took no part.

(Opinion published 54 N. W. Rep. 1110.)